ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Samuel Louis Fuller,

                 Plaintiff,

v.

Ryan Donald Powell, et al.,

                 Defendants.

No.   CV 14-0217-PHX-DGC (JFM)

**ORDER**

On November 18, 2013, Plaintiff Samuel Louis Fuller, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Superior Court of Maricopa County, Arizona.  On February 5, 2014, Defendants Ryan D. Powell, Jordyn Raimondo, and Sergeant Gary Miller filed a Notice of Removal of this case from the Superior Court.  By Order dated August 15, 2014, this Court accepted jurisdiction, and dismissed the Complaint because it was not on the Court's approved form and the Court was unable to determine the precise number and nature of Plaintiff's claims.  Plaintiff was granted 30 days in which to file an Amended Complaint on the court-approved form that cured the deficiencies described in the Order.

On September 17, Plaintiff filed his First Amended Complaint (Doc. 12).  The Court will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his three-count First Amended Complaint, Plaintiff names as Defendants: Sergeants Alger, Miller, and De La Rosa; and the Maricopa County Sheriff's Office. Plaintiff seeks injunctive, monetary, and declaratory relief.

In Count One, Plaintiff alleges that on August 2, 2012, discovery related to Plaintiff's then-pending criminal case in Maricopa County Superior Court case No. CR2012-006837 was delivered to him at the Lower Buckeye Jail.  Plaintiff avers that he signed for receipt of the materials and itemized every item contained therein.   Upon further review, Plaintiff alleges that material related to another prior criminal matter, Case No. CR2011-153429, was not included in the materials.  Plaintiff alleges that he filed grievances and bar complaints regarding the allegedly missing materials, and was told by Alger and Miller that the missing materials had arrived "several months" later and were being kept in Plaintiff's "pro per" file, but did not offer any explanation for the delay.  Plaintiff alleges that the delay and lack of explanation has rendered him unable "to knowledgeably consent to the item MCSO Srgts. Alger and Miller advised was available," in violation of the Fourth, Fifth, and Fourteenth Amendments.

In Count Two, Plaintiff alleges that on June 12, 2014, he received a letter from his personal bank, to which he responded.  Thereafter, on August 19th and 25th, Plaintiff alleges that his bank attempted to send him additional letters, but that De La Rosa advised Plaintiff that the jail has a "postcard only" policy, and that the letters had been rejected. Plaintiff avers that he filed a grievance, and was told on August 20, 2014, that the original letter had been delivered in error and that future letters would be denied under the "postcard only" policy.  As a result, Plaintiff alleges that he has been unable to communicate with his bank, which has impacted his ability "to access my finance to

present and litigate my civil actions," in violation of the First, Fifth, and Fourteenth Amendments.

In Count Three, Plaintiff alleges that all of the Defendants have "enforced and created undue and unwarranted obstacles" – apparently referring to the claims raised in Counts One and Two – that have caused Plaintiff "unnecessary burden, undue task [*sic*] . . . frustration, emotional distress . . .  and loss of resources. . . ."

## III.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

### A.    Maricopa County Sheriff's Office

The Maricopa County Sheriff's Office is not a proper defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101.  A sheriff's "office" is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's Office will be dismissed from this action.

. . . .

**B.     Count One**

Plaintiff's claims in Count One are largely unintelligible, but he appears to allege that materials allegedly relevant to his then-ongoing criminal case were not timely delivered to him, rendering him unable "to knowledgeably consent to the item MCSO Srgts. Alger and Miller advised was available."  Plaintiff frames his claim as a violation of due process and the Fourth, Fifth, and Fourteenth Amendments, though it is unclear how Plaintiff was injured, prejudiced, or otherwise damaged by his inability to "knowledgeably consent" to documents he concedes were made available to him by Defendants.  Furthermore, the Court notes that Maricopa County Superior Court case No. CR2011-153429 was resolved and dismissed on May 7, 2012,[1] some 18 months before Plaintiff filed the instant action (and three months before Plaintiff claims the case materials were delivered to him).  Additionally, Plaintiff appears to have pled guilty – with the assistance of advisory counsel – in Maricopa County Superior Court case No. CR2012-006837 on April 21, 2014,[2] some five months after initiating this case.  Plaintiff has not alleged that his plea agreement was rendered involuntary or otherwise impacted in any way by the delay he describes in Count One, and in any event, such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3]  Accordingly, Plaintiff has failed to state a claim against any named Defendant for which relief could be granted in Count One, and it will be dismissed.

**B.     Count Two**

In Count Two, Plaintiff alleges that he has been unable to communicate with his

---

[1] *See* Minute Entry dated May 7, 2012 in CR2011-153429 (available at http://www.courtminutes.maricopa.gov/docs/Criminal/052012/m5236333.pdf, last visited January 7, 2015).

[2] *See* Minute Entry dated April 21, 2014 in CR2012-006837 (available at http://www.courtminutes.maricopa.gov/docs/Criminal/042014/m6273559.pdf, last visited January 7, 2015).

[3] Under *Heck*, a prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated.

JDDL

bank due to the Jail's "postcard only" policy, which has impacted his ability "to access my finance to present and litigate my civil actions."  A prisoner retains First Amendment rights not inconsistent with his status as a prisoner and with legitimate penological objectives of the corrections system.  *See Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Clement v. California Dep't of Corr.,* 364 F.3d 1148, 1151 (9th Cir. 2004).  Thus, a prisoner has a First Amendment right to receive mail; however, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'"  *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005); *Morrison v. Hall*, 261 F.3d 896 (9th Cir. 2001); *Prison Legal News v. Cook*, 238 F.3d 1145 (9th Cir. 2001).  Nevertheless, jails and prisons may regulate the processing of inmate mail so long as those regulations further an important or substantial government interest other than the suppression of expression.  *See Procunier v. Martinez*, 416 U.S. 396, 411-12 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401, 412-414 (1989)); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) (jail personnel may regulate speech if a restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression, citing *Turner v. Safley*, 482 U.S. 78, 92 (1986)).  "Prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail."  *O'Keefe v. Van Boening*, 82 F.3d at 326.

In *Covell v. Arpaio*, 662 F.Supp.2d 1146, 1153 (D. Ariz. 2009), the Court found that the same postcard policy at issue here had a rational connection to legitimate governmental interests to prevent or limit the smuggling of contraband -- such as drugs, handcuff keys, and weapons -- into the jails via incoming mail, particularly in light of the thousands of pieces of mail subject to inspection each day.  Further, the Court found that inmates had alternative means of exercising the right at issue, such as telephone calls and visitation.  *Id.*  Finally, the Court found that the plaintiff had not identified obvious, easy alternatives to the regulation that would accommodate the right at *de minimis* cost to

penological goals.   Other cases have reached analogous conclusions concerning the postcard policy. *See Gamble v. Arpaio*, No. CV12-790-PHX-GMS (LOA), 2013 WL 5890730, at *2, *3, *4 (D. Ariz. Nov. 4, 2013); *Gieck v. Arpaio*, No. CV07-1143-PHX-NVW, 2008 WL 2604919, at *4-8 (D. Ariz. June 23, 2008) (rejecting facial challenge to policy and finding policy constitutional); *see also Prison Legal News v. Babeu*, 933 F.Supp.2d 1188, 1203 (D. Ariz. 2013) (one page limit on incoming mail to inmates was not unconstitutional where Prison Legal News had alternative avenues to communicate with inmates at the jail).

Plaintiff has not described why he needed to communicate with his bank or how this lack of communication has impacted his ability "to present and litigate my civil actions."   Plaintiff has not provided any facts in support of his bare allegation.   He has not, for instance, provided any facts to support that the "postcard only" policy does not have any rational relation to any legitimate penological interest, such as the prevention of criminal activity and the maintenance of prison security; he has not provided any evidence to support that the restrictions mailings are, in fact, designed specifically to limit expression and communication; he has not provided any facts to support that he has no alternative means of exercising his rights to expression and communication; and he has not identified any alternative regulations that would accommodate Plaintiff's rights at *de minimus* expense to legitimate penological goals.

To the extent Plaintiff is attempting to allege an access to court claim, he has also failed to adequately state a claim.   The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents.   *Lewis v. Casey*, 518 U.S. 343, 350 (1996).   That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court.   *Id.* at 354; *see also Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.").   The right "guarantees no particular

1    methodology but rather, the conferral of a capability -- the capability of bringing

2    contemplated challenges to sentences or conditions of confinement before the courts."

3    *Lewis*, 518 U.S. at 356.   Furthermore, to state a meritorious claim, an inmate must

4    establish that he suffered an "actual injury."   *See Vandelft v. Moses*, 31 F.3d 794, 797

5    (9th Cir. 1994).   An "actual injury" is "actual prejudice with respect to contemplated or

6    existing litigation, such as the inability to meet a filing deadline or present a claim."

7    *Lewis*, 518 U.S. at 348.   In other words, a plaintiff must allege facts to support that a

8    defendant's conduct prevented him from bringing to court a non-frivolous claim that he

9    wished to present.   *Id.*   at 351-53.   A plaintiff "must identify a nonfrivolous, arguable

10   underlying claim," and this underlying claim "must be described in the complaint."

11   *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).

12          Plaintiff has not described why he needed to communicate with his bank or how

13   this lack of communication has impacted his ability "to present and litigate my civil

14   actions."   Plaintiff has not provided any facts to demonstrate that his ability to litigate

15   this, or any other case, has been impeded.   Accordingly, Plaintiff has failed to state a

16   claim for which relief could be granted in Count Two, and it will be dismissed.

17          **C.    Count Three**

18          In Count Three, Plaintiff appears to allege that all of the Defendants have created,

19   endorsed, or condoned policies that have placed "undue and unwarranted obstacles" on

20   Plaintiff, injuring him.   Plaintiff also alleges, however, that Defendants have failed to

21   follow these policies, and that their failure to do so is what has injured him (as opposed to

22   the policies themselves).   Furthermore, the "undue and unwarranted obstacles" appear to

23   refer to the allegations raised in Counts One and Two, which the Court has already

24   concluded will be dismissed.   Accordingly, regardless of whether Plaintiff is alleging in

25   Count Three that he has been injured by either policies or the individual actions of the

26   Defendants, he has failed to state a claim for which relief could be granted, and Count

27   Three will be dismissed.

28   / / /

1    **IV.    Leave to Amend**

2            Within 30 days, Plaintiff may submit a second amended complaint to cure the

3    deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form

4    to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved

5    form, the Court may strike the second amended complaint and dismiss this action without

6    further notice to Plaintiff.

7            Plaintiff must clearly designate on the face of the document that it is the "Second

8    Amended Complaint."  The second amended complaint must be retyped or rewritten in

9    its entirety on the court-approved form and may not incorporate any part of the original

10   Complaint or First Amended Complaint by reference.  Plaintiff may include only one

11   claim per count.

12           A  second  amended  complaint  supersedes  the  original  Complaint  and  First

13   Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*

14   *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After

15   amendment, the Court will treat the original Complaint and First Amended Complaint as

16   nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the

17   original complaint or first amended complaint and that was voluntarily dismissed or was

18   dismissed without prejudice is waived if it is not alleged in a second amended complaint.

19   *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

20           If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

21   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

22   of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

23   do; (4) how the action or inaction of that Defendant is connected to the violation of

24   Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

25   that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

26           Plaintiff must repeat this process for each person he names as a Defendant.  If

27   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

28   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**V.    Warnings**

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 13th day of January, 2015.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                          1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>     Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. You must exhaust any available administrative remedies before you file a civil rights complaint. <u>See</u> 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)           Plaintiff,     )
                                              )
                             vs.              )  **CASE NO.** _____
                                              )           (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)                      )
(2) _____ ,  )
                                              )  **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )  **BY A PRISONER**
                                              )
(4) _____ ,  )  ☐ Original Complaint
                             Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   b.  Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   c.  Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
- ☐ Basic necessities
- ☐ Mail
- ☐ Access to the court
- ☐ Medical care
- ☐ Disciplinary proceedings
- ☐ Property
- ☐ Exercise of religion
- ☐ Retaliation
- ☐ Excessive force by an officer
- ☐ Threat to safety
- ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
- a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
- b.    Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
- c.    Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
- d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No

b.   Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No

c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities           ☐ Mail            ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?                     ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?            ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                           DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.