ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Louis Fuller, | No.  CV 14-0217-PHX-DGC (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Ryan Donald Powell, et al., | |
| Defendants. | |

On November 18, 2013, Plaintiff Samuel Louis Fuller, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint in the Superior Court of Maricopa County, Arizona.  On February 5, 2014, Defendants Ryan D. Powell, Jordyn Raimondo, and Sergeant Gary Miller filed a Notice of Removal of the case from the Superior Court.  By Order dated August 15, 2014, this Court accepted jurisdiction, but dismissed the Complaint because it was not on the Court's approved form and because the Court was unable to determine the precise number and nature of Plaintiff's claims.  Plaintiff was granted 30 days in which to file an amended complaint that cured the deficiencies described in the Order.

On September 17, 2014, Plaintiff filed a First Amended Complaint.  In a January 14, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 2, 2015, Plaintiff filed a Second Amended Complaint (Doc. 15).  The Court will dismiss the Second Amended Complaint and this action.

## I.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.    Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff names as Defendants: Sergeant De La Rosa, the central mailing unit supervisor at Fourth Avenue Jail; Joseph M. Arpaio, the Sheriff of Maricopa County; and "MCSO Sergeants, agents or policy, Administrative staff, regulation" at "Fourth Avenue Jail, LBJ, etc."  Plaintiff appears to seek declaratory and monetary relief.

Plaintiff describes Count One as relating to "inspect[ion] and examin[ation of] discover[y]."  Plaintiff's allegations are largely incomprehensible, but appear to suggest that the Fourth Avenue Jail maintains a "pro-per file" for each inmate.  Plaintiff seems to allege that Jail staff will only verbally verify whether items are in the "pro per file," but will not provide written verification.  For reasons unclear, Plaintiff appears to allege that the failure to provide written verification has "prejudiced" Plaintiff and impeded his "rights to inspect and cross-examin[e] discover[y]."

Plaintiff describes Count Two as relating to mail.  According to Plaintiff, the Fourth Avenue Jail has a "post card only" policy that prevents him from sending or receiving anything other than postcards.  Plaintiff alleges that he has received non-post card letters from his bank on two previous occasions, but that the Jail – and Defendant De La Rosa in particular – no longer allow him to receive such letters.  Plaintiff also alleges that he is no longer able to send anything other than postcards, and when he tries to send non-postcards to his bank, they are returned to him.  Plaintiff states that he has no other way of contacting his bank because when he attempts to call the bank it "is normally rejected by any financial bank."  Plaintiff avers that he "need[s] to have continuous communication with his financial institution" in order to prosecute his cases, and that the "post card only" policy is preventing him from doing so.

## III.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

(2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

## A. Defendants "MCSO Sergeants, agents or policy, Administrative staff, regulation" at "Fourth Avenue Jail, LBJ, etc."

The Court is unable to determine who or what Plaintiff has attempted to name as the third Defendant in his Second Amended Complaint. To the extent Plaintiff is attempting to bring suit against the Maricopa County Sheriff's Office, Plaintiff has been previously warned that the Maricopa County Sheriff's Department is not a proper defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. To the extent Plaintiff is attempting to bring suit against any other individual or entity, he has not provided sufficient information to identify that individual or entity, or provided facts to support that such an individual or entity has violated his rights. Accordingly, the "MCSO Sergeants, agents or policy, Administrative staff, regulation" at "Fourth Avenue Jail, LBJ, etc." will be dismissed.

. . . .

- 4 -

### B.    Count One

The Court is unable to determine the nature of Plaintiff's allegations in Count One. Other than stating that his Fourth, Fifth, Sixth, Fourteenth, and "Ex Post Facto" rights have been violated, Plaintiff has not explained exactly what he is complaining of, how his federal rights have been violated, or how any of the Defendants is responsible for that violation.  Accordingly, Count One will be dismissed.

### C.    Count Two

As explained in its January 14 Order, Plaintiff's allegations regarding the "post card only" policy fail to state a claim.  In *Covell v. Arpaio*, 662 F. Supp. 2d 1146, 1153 (D. Ariz. 2009), the Court found that the same postcard policy at issue here had a rational connection to legitimate governmental interests to prevent or limit the smuggling of contraband -- such as drugs, handcuff keys, and weapons -- into the jails via incoming mail, particularly in light of the thousands of pieces of mail subject to inspection each day.  Further, the Court found that inmates had alternative means of exercising the right at issue, such as telephone calls and visitation.  *Id.*  Finally, the Court found that the plaintiff had not identified obvious, easy alternatives to the regulation that would accommodate the right at *de minimis* cost to penological goals.  Other cases have reached analogous conclusions concerning the postcard policy.  *See Gamble v. Arpaio*, No. CV 12-790-PHX-GMS (LOA), 2013 WL 5890730, at *2, *3, *4 (D. Ariz. Nov. 4, 2013); *Gieck v. Arpaio*, No. CV 07-1143-PHX-NVW, 2008 WL 2604919, at *4-8 (D. Ariz. June 23, 2008) (rejecting facial challenge to policy and finding policy constitutional); *see also Prison Legal News v. Babeu*, 933 F. Supp. 2d 1188, 1203 (D. Ariz. 2013) (one page limit on incoming mail to inmates was not unconstitutional where Prison Legal News had alternative avenues to communicate with inmates at the jail).  Accordingly, to the extent Plaintiff again alleges that the "post card only" policy violates his First Amendment rights, he has failed to state a claim and Count Two will be dismissed.

. . . .

. . . .

## IV.     Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 15) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 13th day of April, 2015.

David G. Campbell
United States District Judge